1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES EDWARDS BROOKS,<br><br>Defendant. | Case No. 16-01174 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendant Charles Edwards Brooks. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

A.    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1   upon which relief may be granted or seek monetary relief from a defendant who is immune

2   from such relief. *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

3   construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5   elements: (1) that a right secured by the Constitution or laws of the United States was

6   violated, and (2) that the alleged violation was committed by a person acting under the

7   color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

8   **B.    Plaintiff's Claims**

9         Plaintiff states that he filing this complaint against Defendant Charles Edwards

10   Brooks for "identify theft, racketeering, bankruptcy, bank fraud[,] etc." (Compl. at 3.)

11   Plaintiff also discusses a lottery ticket which he claims he mailed to a federal office in

12   Washington D.C. (*Id.*)  Plaintiff seeks a "refund," specifically that the U.S. District Court

13   would "pay the full amount that was tak[en] away from Plaintiff on all Lottery Tickets

14   submitted to the Courts on September 5, 2014." (*Id.*)

15         Plaintiff mentions that he filed a previous action against the same Defendant under

16   *Brooks v. Brooks*, Case No. 14-03838 DMR, which was dismissed on November 4, 2014,

17   for failure to prosecute. (Compl. at 1.)  In that case, Plaintiff claimed "fraud[,[ identify

18   theft, requesting to file[] a lawsuit against family for racketeering, theft[,] bankruptcy,

19   bank fraud," and also sought assistance in obtaining lottery tickets which he mailed to

20   Washington D.C.  *Brooks v. Brooks*, Case No. 14-03838 DMR, (ECF No. 1 at 3).  The

21   Court also notes that Plaintiff currently has another civil action pending against the same

22   Defendant based on the same allegations and seeking the same relief. *See Brooks v.*

23   *Brooks*, Case No. 15-05237 HRL (PR).

24         Duplicative or repetitious litigation of virtually identical causes of action is subject

25   to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021

26   (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or previously

27   litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United*

28                                          2

United States District Court
Northern District of California

*States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021.  An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

Plaintiff is seeking leave to proceed *in forma pauperis*, as he has in the two actions discussed above.  This is now Plaintiff's third *in forma pauperis* action filed against the same Defendant in which he repeats the same claims.  It is therefore subject to dismissal under § 1915 as abusive.  *See Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED as duplicative and abusive. *See* 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

Dated: July 15, 2016

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.16\01174Brooks_dism(dup)

United States District Court
Northern District of California

3